*James, for appellant.*

---

JOHN H. SARGEL *v.* UNITED STATES FIRE & MARINE INSURANCE COMPANY.

**Insurance—Misrepresentation by Insured Vitiates Policy.**

Appellant accepted the policy of appellee with the proviso therein, "that in case the assured shall already have made other insurance, or may hereafter make other insurance on the hereby insured premises, notice of the same shall forthwith be given to this corporation. The day after appellant had effected insurance in appellee he had the same property insured in another company without giving appellee notice thereof;

Held, that the acts of appellant forfeited the policy he held on appellee.

**Insurance—Forfeiture of Policy—Return of Premium.**

Where a policy of insurance is forfeited by the violation of its terms by the insured he cannot recover the premium paid thereon.

**New Trial—Grounds for—Witness Examined Before Trial—Issues Presented—Evidence Must Change the Result.**

Many of the witnesses where evidence is desired were examined by the appellant before the trial and those not examined were upon

issues presented by the pleadings and the evidence, if in, is not of such character as would certainly change the issue.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 12, 1871.

OPINION BY JUDGE PETERS:

Appellant accepted the policy of appellee, on which this suit is brought, with the following amongst other provisos: That "in case the assured shall already have made any other insurance of shall hereafter make any other insurance on the hereby insured premises, notice of the same shall forthwith be given to this corporation and have the same endorsed on this policy. Or otherwise, acknowledge in writing by this corporation, or in default thereof this policy shall be of *non effect*."

It appears from the evidence that the day after appellant had effected an insurance in appellee, he had the same property, or a part of the same, assured in another company, for he alleges in his petition that all the property he had, appellee insured, and failed to notify appellee of the last insurance, he does not allege that he gave notice of the second insurance to appellee, or that appellee was otherwise apprised of it, and acquiesced therein. So far from making any such allegations, he charges in his petition that the risk was taken by appellee with a full knowledge on its part of his having previously insured with the Louisville Insurance and Banking Company, and if the fact was not endorsed on the policy of appellee, the same was omitted by the mistake, or fraud of appellee, although the policy of the latter is dated the day before the one taken from the Louisville Insurance and Banking Company.

It cannot be material therefore as this case is presented by the other allegations and evidence whether Parcell was appellee's agent or not, because appellant was mistaken when he informed him that he had insured in the Louisville Insurance and Banking Company several days before he insured with appellee, and then accepted its policy with the condition quoted, which it was his duty to read and understand, and there is no evidence of any fraud on the part of appellee.

The case appears to have been submitted for final hearing on appellant's own motion, and the reasons assigned for setting aside the hearing were insufficient, nor were sufficient grounds made out for a new trial. Many of the witnesses whose evidence he stated he desired to take had been examined by him before the trial, and the facts to be proved by those he had not examined were issues presented by the pleadings, and no sufficient reasons are shown why the evidence was not discovered before the trial —nor is their evidence, if in, of such a character as would certainly change the result.

As to the amount of premium paid to appellee for the risk, the policy was forfeited by the violation of its terms by appellant, and it does not satisfactorily appear that in equity he is entitled to have it refunded.

Wherefore the judgment is affirmed.

*Marshall & Clark, for appellant.*

*Coke & Arbegust, for appellee.*